**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION**

| | | |
|---|---|---|
| **EVAN GAINES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CONCENTRIX SREV DELAWARE, INC.,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 3:25-CV-00725**<br><br>**JURY DEMAND** |

---

**DEFENDANT'S AMENDED REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

---

Defendant by and through undersigned counsel, submits this Reply Brief in support of Defendant's Motion for Summary Judgment.[1]

## I. Plaintiff Has Failed to Demonstrate that Concentrix's Legitimate, Performance-Based Reasons for his Discharge Were Pretextual.

Plaintiff devotes much of his Response to arguing that the January 2024 Performance Success Plan ("PSP") was a "new" plan, that differed from the November 2023 PSP, and that Concentrix cannot identify Plaintiff's performance deficiencies that resulted in his termination. Neither of these arguments create a genuine issue of material fact.[2]

---

[1] Defendant inadvertently failed to file Plaintiff's deposition transcript with its Response but has since corrected the oversight.

[2] Plaintiff requests that the Court defer ruling under Rule 56(d). That request should be denied because Rule 56(d) is not intended to rescue a party who failed to pursue discovery during the discovery period established by the Court's Scheduling Order. Plaintiff never sought relief before the deadline for discovery motions, never moved to compel the discovery he now claims is necessary, and instead waited until after reviewing Defendant's Motion for Summary Judgment to request additional discovery. Under these circumstances, Plaintiff has not demonstrated the diligence required to obtain Rule 56(d) relief. *See McCausland v. Charter Twp. of Canton*, 2024 WL 3045525, *7–8 (6th Cir. 2024) (affirming denial of Rule 56(d) relief where plaintiffs "didn't move to compel discovery until…six weeks after the third and final discovery deadline" and sought depositions only after summary judgment motions were filed).

First, Plaintiff does not dispute the chronology underlying Defendant's Motion. Plaintiff admits that he was placed on a PSP before taking leave, that he was informed before the beginning of leave that the PSP would be issued upon his return, that he returned to work on January 8, 2024, that he was fully released to return to work with no restrictions, never requested an extension of leave or any other accommodation, and that he remained employed through the conclusion of the January 2024 PSP before his employment was terminated. (Statement of Undisputed Material Facts ("SUMF") ¶¶ 5, 8, 9, 12; Hickey Dep. 115:23–116:3).

Second, Plaintiff's assertion that Concentrix "has not been able to identify the specific metrics Mr. Gaines failed to meet" is inconsistent with the record.[3] Plaintiff's own Response to Defendant's SUMF acknowledges that the January 2024 PSP identified concerns regarding "Failed alignment with Sales leadership on working pipeline creation," "Inaccuracy, quality, and timeliness of reporting," and "Lead generation," and further established performance expectations concerning activity metrics, MQL quotas, and B2B business success, and team performance. (Plaintiff's Response to SUMF ¶ 15.)

Furthermore, although Plaintiff attempts to characterize the January 2024 PSP as materially different from the November 2023 PSP, Mr. O'Shaughnessy's deposition testimony confirms that, while the documents differed in structure and wording, "the context, and goals, and objectives, and history are all the same." (O'Shaughnessy Dep. 142:10–13). Mr. O'Shaughnessy further testified that the activity metrics remained part of the ongoing expectations communicated to Plaintiff and were addressed through weekly meetings and reports throughout the PSP. (O'Shaughnessy Dep. 152:13–20).

[3] Plaintiff's assertions that Defendant misstated the record are unfounded. Defendant's statements accurately reflect the deposition testimony and other record evidence.

Plaintiff also argues that he received little or no guidance after returning from leave. The record reflects otherwise. Mr. O'Shaughnessy testified that, following Plaintiff's return, he had numerous informal interactions, Teams meetings, and calls regarding Plaintiff's progress under the PSP, and described "tons of interactions" concerning Plaintiff's progress and the team's work throughout the January 2024 PSP. (O'Shaughnessy Dep. 153:1–10.) Furthermore, Mr. O'Shaughnessy's January 30, 2024, email acknowledging that Plaintiff's coaching goals were "better than the week before but not where you want it," confirm that Plaintiff was receiving feedback regarding his performance through the plan. (O'Shaughnessy Dep. 163: 1–9).

Plaintiff repeatedly emphasizes that he worked for Concentrix and its predecessor for approximately fourteen years without receiving formal discipline. This is irrelevant. Plaintiff's termination followed his promotion into a new leadership role under a different supervisor, who identified documented deficiencies relating to Plaintiff's leadership, pipeline development, activity metrics, and team performance. (O'Shaughnessy Dep. 65:19 – 66:16; 103:12 – 104:2; 115:22 – 116:11). The Sixth Circuit has repeatedly held that an employer may legitimately rely upon more recent performance deficiencies, despite an employee's prior satisfactory work history. *See Chen v. Dow Chem. Co.*, 580 F.3d 394, 401–02(6th Cir. 2009). As a result, Plaintiff's prior employment history does not undermine the fact that Plaintiff failed to satisfy the expectations of the January 2024 PSP. The result is the same with respect to Plaintiff's repeated complaint regarding Plaintiff's supervisor's alleged failure to meet with him weekly (which is disputed). Plaintiff is still accountable for his own performance even if his supervisor was not meeting with him weekly.

Plaintiff also argues that the January 2024 PSP demonstrates pretext because it covered a new thirty-day evaluation period, but his argument ignores the practical effect of the reissued PSP. Rather than shortening Plaintiff's opportunity to improve, Concentrix afforded Plaintiff an entirely

new thirty-day evaluation period to demonstrate satisfactory performance before a termination decision was made. (Gaines Dep. Ex. E).

Plaintiff's disagreement with Concentrix's assessment of his performance does not establish pretext. The relevant inquiry is not whether Plaintiff personally believed that he satisfied the PSP or whether the Court would have reached the same conclusion, but whether Concentrix honestly believed that Plaintiff failed to satisfy the performance expectations communicated to him. *See Seeger v. Cincinnati Bell Tel. Co.*, 681 F.3d 274, 285–86 (6th Cir. 2012) (holding that as long as the employer held an honest belief in its proffered reason, an employee cannot establish that the reason was pretextual simply because it is ultimately found to be mistaken, foolish, trivial, or baseless); *see also Smith v. Chrysler Corp.*, 155 F.3d 799, 806–07 (6th Cir. 1998)Plaintiff's disagreement with the employer's business judgment is insufficient to establish pretext under Sixth Circuit law. *See Bender v. Hecht's Dep't Stores*, 455 F.3d 612, 627–28 (6th Cir. 2006) (holding that an employee's mere disagreement with her employer's assessment of her job performance is insufficient to create a genuine issue of material fact as to pretext).[4]

## II. Plaintiff's Failure-to-Accommodate Claim Fails as a Matter of Law.

Plaintiff next argues that Concentrix violated the ADA by failing to engage in the interactive process following his disclosure of his medical condition. Plaintiff is blatantly attempting to skew the timeline. Plaintiff focuses almost exclusively on communications occurring before his approved leave of absence in November 2023 while ignoring what occurred after he

[4] Plaintiff's post-deposition Declaration should not be considered. A party may not create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts their earlier deposition testimony. *Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986). Although the Sixth Circuit recognizes that a later affidavit may clarify ambiguous testimony, it may not be used to manufacture a genuine dispute of material fact by contradicting or materially altering prior sworn testimony without a persuasive explanation. *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 907–09 (6th Cir. 2006). Here, Plaintiff's Declaration attempts to recast his prior deposition testimony regarding the extent/severity of his alleged disability. (Compare Gaines Decl. ¶ 7 with Gaines Dep. 38:20–39:23). Plaintiff offers no persuasive explanation of the material alteration to his prior testimony.

returned to work on January 8, 2024. The undisputed record reflects that Plaintiff accepted the leave offered by Concentrix, returned to work without requesting an extension of leave or any other accommodation, and resumed his position without any medical restrictions. (SUMF ¶¶ 9, 10, 12);(Hickey Dep. 115:23–116:3). Plaintiff cannot now argue that Concentrix should have independently imposed accommodations that neither Plaintiff nor his physician identified as necessary following his unrestricted return to work. *See Gantt v. Wilson Sporting Goods, Co.*, 143 F.3d 1042, 1046–47 (6th Cir. 1998) (holding that the employer is not required to speculate as to the extent of the employee's disability or the employee's need or desire for an accommodation and that the EEOC regulations place the initial burden of requesting an accommodation on the employee, such that plaintiff's failure-to-accommodate claim failed where she never made a request for an extended leave or any other accommodation).

Additionally, Plaintiff may not now complain that the leave was not the accommodation he preferred. Plaintiff accepted the leave offered by Concentrix, remained on leave until his physician released him to return to work, and never requested any alternative accommodation before or after returning to work. The ADA requires an employer to provide a reasonable accommodation, not necessarily the employee's preferred accommodation. *See Hankins v. The Gap, Inc.*, 84 F.3d 797, 800–01 (6th Cir. 1996) (holding that an employee cannot make his employer provide a specific accommodation if another reasonable accommodation is instead provided). Plaintiff cannot accept the accommodation provided, return to work without restrictions, and later argue that Concentrix should have provided a different accommodation that he never requested.[5]

[5] Plaintiff now attempts to rely on a "regarded as" theory that is not clearly stated in his Complaint. In any event, a "regarded as" theory cannot support Plaintiff's failure-to-accommodate or interactive process claims because the ADA does not require an employer to provide a reasonable accommodation to an individual who is disabled solely under the "regarded as" prong. *See Neely v. Benchmark Fam. Servs.*, 640 F.App'x 429, 435 (6th Cir. 2016). Furthermore, to the extent Plaintiff was attempting to state a retaliation claim based on his being "regarded as" disabled, it must fail for the same reasons stated above. His termination was related to his own failure to perform his job duties satisfactorily, not due to being regarded as disabled.

Respectfully submitted,

/s/ *Mekesha H. Montgomery*
Mekesha H. Montgomery, BPR No. 25831
Malik Luckett, BPR No. 39951
FBT Gibbons LLP
150 3rd Avenue South, Suite 1900
Nashville, Tennessee 37201
(615) 251-5550 (phone)
(615) 251-5551 (fax)
mmontgomery@fbtgibbons.com
mluckett@fbtgibbons.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

In accordance with LR 5.01, the undersigned hereby certifies that a true and correct copy of the foregoing was served upon the following parties via the Court's CM/ECF Electronic Filing System on the 11th day of August, 2026, as follows:

G. Brandon Hall
1625 Broadway, Suite 601
Nashville, TN 37203
bhall@eclaw.com

*Attorney for Plaintiff*

*/s/ Mekesha H. Montgomery*
Mekesha H. Montgomery

1160264.0810427 4933-5732-1157v2