IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EVAN GAINES,<br><br>Plaintiff,<br><br>v.<br><br>CONCENTRIX SREV DELAWARE, INC.,<br><br>Defendant. | Case No. 3:25-cv-00725<br><br>JURY DEMAND<br><br>Judge Waverly D. Crenshaw, Jr.<br><br>Magistrate Judge Luke A. Evans |

**PLAINTIFF'S MOTION IN LIMINE NO. 1 AND MEMORANDUM OF LAW TO EXCLUDE EVIDENCE OF A PRIOR CONVICTION**

Plaintiff, Evan Gaines, through undersigned counsel, pursuant to Rules 401, 402, 403, 404(b), and 609 of the Federal Rules of Evidence, respectfully moves the Court to exclude any evidence, testimony, argument, or question about Mr. Gaines's prior conviction for simple possession of a controlled substance. Consistent with the Court's Order Setting Case for Trial, this motion presents a single evidentiary issue. (Doc. 16 at 2).

## I. BACKGROUND

At his deposition, Defendant asked Mr. Gaines whether he had ever been convicted of a crime. He answered truthfully. He testified to a single conviction for simple possession of a controlled substance in Nashville. (Ex. 1, Gaines Depo. 32:21-33:1, 33:12-13). He believed it was "around 2009" and could not recall the exact year. (*Id.* at 33:2-5). He served no probation and did not hire a lawyer. (*Id.* at 33:6-11). He has no other conviction. (*Id.* at 33:14-18). Additionally, despite Mr. Gaines testimony, he was not convicted of simple possession. Rather the charge was dismissed.

Even if Mr. Gaines had been convicted, the "conviction" has nothing to do with this case. Defendant says it terminated Mr. Gaines because he did not meet the expectations of his

Performance Success Plan. (Doc. 49 at 2-4). Nothing in the record suggests the conviction played any part in that decision, or in any other event at issue.

## II. LAW AND ARGUMENT

The Court has inherent authority to rule on the admissibility of evidence before trial. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Evidence is relevant only if it has a tendency to make a fact of consequence more or less probable. Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Even relevant evidence may be excluded when its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403.

### A. Rule 609 does not permit impeachment with this conviction.

Rule 609 allows a party to attack a witness's character for truthfulness with a criminal conviction in only two situations. Neither applies here.

First, Rule 609(a)(2) reaches a crime of any grade only when the court "can readily determine that establishing the elements of the crime required proving, or the witness's admitting, a dishonest act or false statement." Fed. R. Evid. 609(a)(2). Simple possession has no element of dishonesty or false statement. Possessing a substance says nothing about whether a person tells the truth.

Second, Rule 609(a)(1) reaches only a crime "punishable by death or by imprisonment for more than one year" in the convicting jurisdiction. Fed. R. Evid. 609(a)(1). As the party who would offer the conviction, Defendant bears the burden to show it qualifies. Defendant has produced no judgment, charging document, or other record of the offense. The only evidence of the "conviction" is Mr. Gaines's own account: a simple possession charge, no probation, and no

lawyer. (Gaines Depo. 32:24-33:11). Nothing in that account shows a crime punishable by more than one year.

Third, even if the conviction otherwise qualified, Rule 609(b) would bar it. When more than ten years have passed since the conviction or release from confinement, the conviction is admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect," and only if the proponent gives "reasonable written notice of the intent to use it." Fed. R. Evid. 609(b). Mr. Gaines placed the conviction around 2009, roughly seventeen years ago. The actual offense date was April 8, 2020 and the case was dismissed on June 4, 2010. Defendant has given no written notice. No specific fact gives a 16 year-old possession charge any bearing on Mr. Gaines's truthfulness about how Concentrix treated him in 2023 and 2024.

**B. Rule 404(b) bars use of the conviction for any other purpose.**

Evidence of another crime "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). The conviction proves no motive, intent, plan, knowledge, or other permitted purpose in this case. Mr. Gaines's job performance, his disability, his FMLA leave, and Defendant's reasons for firing him have no connection to a possession charge from more than a decade before he was fired. The only work this evidence could do is invite the jury to think less of Mr. Gaines as a person. Rule 404(b) forbids exactly that use.

**C. Rule 403 independently requires exclusion.**

Even if the conviction had some marginal relevance, the danger of unfair prejudice would substantially outweigh it. Fed. R. Evid. 403. A drug "conviction" carries a heavy stigma. That danger is greater here. Mr. Gaines's disabilities are mental health conditions: Bipolar II disorder, panic disorder, and obsessive-compulsive disorder. (Gaines Depo. 38:20-25). A reference to drug

possession invites jurors to connect his conditions to substance use, and to discount both his credibility and his disability. It would also pull the trial into a side dispute about an old charge with no bearing on any element or defense.

## III. CONCLUSION

For these reasons, Plaintiff respectfully requests the Court grant this motion and order that Defendant, its counsel, and its witnesses not offer evidence of, question any witness about, or refer to Mr. Gaines's prior conviction, or any related arrest or charge, in the presence of the jury.

Respectfully submitted,

**THE EMPLOYMENT & COMMERCE LAW GROUP**

*/s/ G. BRANDON HALL*
G. BRANDON HALL, BPR No. 034027
1625 Broadway, Suite 601
Nashville, Tennessee 37203
(615) 850-0632
bhall@eclaw.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was served electronically via the Court's CM/ECF filing system this 19th day of October, 2026 to the following:

Mekesha H. Montgomery, BPR No. 25831
FBT Gibbons LLP
150 3rd Avenue South, Suite 1900
Nashville, Tennessee 37201
mmontgomery@fbtgibbons.com

*/s/ G. Brandon Hall*
G. Brandon Hall