IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EVAN GAINES,<br><br>Plaintiff,<br><br>v.<br><br>CONCENTRIX SREV DELAWARE, INC.,<br><br>Defendant. | Case No. 3:25-cv-00725<br><br>JURY DEMAND<br><br>Judge Waverly D. Crenshaw, Jr.<br><br>Magistrate Judge Luke A. Evans |

# PLAINTIFF'S MOTION IN LIMINE NO. 2 AND MEMORANDUM OF LAW TO EXCLUDE REFERENCES TO ALCOHOL AND SUBSTANCE USE IN PLAINTIFF'S 2022 MEDICAL RECORDS

Plaintiff, Evan Gaines, through undersigned counsel, pursuant to Rules 401, 402, 403, and 404(a) of the Federal Rules of Evidence, respectfully moves the Court to exclude any evidence, testimony, argument, or question about the references to alcohol use, drug use, and family addiction history in Mr. Gaines's 2022 primary care records. Consistent with the Court's Order Setting Case for Trial, this motion presents a single evidentiary issue. (Doc. 16 at 2).

## I. BACKGROUND

In discovery, Mr. Gaines produced records from his primary care physician, Dr. Corey Batson, for four visits between August 26 and December 9, 2022. (GAINES064-076; Ex. 1, Gaines Depo. 39:24-40:7). He first saw Dr. Batson for abdominal pain and a general checkup. (Gaines Depo. 35:7-11).

Those 2022 records contain entries Defendant may try to use at trial. They list a diagnosis of "Alcohol abuse, uncomplicated." (GAINES070, 072, 075). The August 26, 2022 intake note records a report of heavy drinking in the prior six months. (GAINES074). The records encourage cessation and, at the follow-up visit, note Mr. Gaines "reports EtOh cessation since previous

visit." (GAINES069-070, 072, 076). A social-history template in the records reads "Drug Abuse: Illicit drug use," even though the physician's own narrative for the same visit records "(-)illicit drug use." (GAINES074; *see also* GAINES064, 067, 069, 071). The family history lists "Addiction" for Mr. Gaines's father. (GAINES074).

The events in this case began more than a year later. Mr. Gaines was placed on a Performance Success Plan in November 2023, took FMLA leave from November 16, 2023 to January 7, 2024, and was terminated on February 13, 2024. (Doc. 49 at 2-3; Gaines Depo. 115:2-5). The mental health records from that period, kept by Dr. Seth Christman, record "Substance use: no" at visit after visit. (GAINES036, 039, 042, 044, 047, 051, 053, 057, 060).

Mr. Gaines will present his emotional distress through his own testimony. He does not intend to call a treating provider.

Because these records are medical records, Plaintiff has not attached them to this public filing. Plaintiff will provide copies of the cited pages for in camera review, or file them under seal, at the Court's direction.

## II. LAW AND ARGUMENT

The Court has inherent authority to rule on the admissibility of evidence before trial. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Evidence is relevant only if it has a tendency to make a fact of consequence more or less probable. Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Even relevant evidence may be excluded when its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403.

### A. The 2022 substance-use entries are not relevant to any claim or defense.

No issue in this case turns on whether Mr. Gaines drank alcohol in the first half of 2022. Defendant does not claim alcohol or drug use had anything to do with his performance, his Performance Success Plan, his leave, or his termination. Its stated reason is performance against the Performance Success Plan. (Doc. 49 at 2-4). Nothing in the record suggests anyone at Concentrix knew of these 2022 entries when it made the decisions at issue. Information the decision-maker did not have cannot explain the decision. *See McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 360 (1995) ("The employer could not have been motivated by knowledge it did not have.").

Nor are the entries relevant to damages. Mr. Gaines claims his existing conditions were exacerbated by the way Defendant treated and terminated him. (Gaines Depo. 140:15-141:15). The records for the period at issue show no substance use at all. (GAINES036-060). Any suggestion his distress came from drinking rather than from his termination would rest on speculation, not evidence. Defendant has disclosed no expert to offer such an opinion, and no witness can supply it from personal knowledge.

### B. The entries are improper character evidence.

"Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Labels such as "alcohol abuse" and "illicit drug use" invite the jury to view Mr. Gaines as unreliable or irresponsible, and to infer he must have performed poorly at work. That is the propensity inference Rule 404 prohibits.

### C. Rule 403 independently requires exclusion.

Any probative value of these entries is small. The danger of unfair prejudice is large. Alcohol and drug labels carry a strong stigma, and that stigma compounds the stigma jurors may already attach to mental illness. The entries would also confuse the issues. The template line reading "Illicit drug use" contradicts the physician's own narrative of "(-)illicit drug use" for the same visit. (GAINES074). Resolving that conflict would turn the trial toward a 2022 chart entry and away from the events of 2023 and 2024. The family history entry about Mr. Gaines's father has no probative value at all.

This motion is narrow. Plaintiff does not ask the Court to exclude his diagnoses or the fact he sought treatment in 2022. If any portion of the 2022 records is otherwise admitted, Plaintiff asks the Court to order the alcohol, drug, and family addiction entries redacted.

## III. CONCLUSION

For these reasons, Plaintiff respectfully requests the Court grant this motion and order that Defendant, its counsel, and its witnesses not offer evidence of, question any witness about, or refer to the alcohol, drug, and family addiction entries in Mr. Gaines's 2022 medical records, and that any such entries be redacted from any record admitted at trial.

Respectfully submitted,

**THE EMPLOYMENT & COMMERCE LAW GROUP**

*/s/ G. BRANDON HALL*
G. BRANDON HALL, BPR No. 034027
1625 Broadway, Suite 601
Nashville, Tennessee 37203
(615) 850-0632
bhall@eclaw.com

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was served electronically via the Court's CM/ECF filing system this 19th day of October, 2026 to the following:

Mekesha H. Montgomery, BPR No. 25831
FBT Gibbons LLP
150 3rd Avenue South, Suite 1900
Nashville, Tennessee 37201
mmontgomery@fbtgibbons.com

*/s/ G. Brandon Hall*________
G. Brandon Hall