IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EVAN GAINES,<br><br>Plaintiff,<br><br>v.<br><br>CONCENTRIX SREV DELAWARE, INC.,<br><br>Defendant. | Case No. 3:25-cv-00725<br><br>JURY DEMAND<br><br>Judge Waverly D. Crenshaw, Jr.<br><br>Magistrate Judge Luke A. Evans |

**PLAINTIFF'S MOTION IN LIMINE NO. 3 AND MEMORANDUM OF LAW TO EXCLUDE PERFORMANCE DATA AND OTHER EVIDENCE DEFENDANT WITHHELD IN DISCOVERY**

Plaintiff, Evan Gaines, through undersigned counsel, pursuant to Rules 26(a), 26(e), and 37(c)(1) of the Federal Rules of Civil Procedure and Rule 1002 of the Federal Rules of Evidence, respectfully moves the Court to exclude any performance data, report, dashboard, screenshot, calendar record, or personnel file Defendant did not produce in discovery, together with testimony describing the contents of that withheld material. Consistent with the Court's Order Setting Case for Trial, this motion presents a single evidentiary issue. (Doc. 16 at 2).

## I. BACKGROUND

Defendant's defense rests on numbers. It says it terminated Mr. Gaines because he failed the metrics in his Performance Success Plan: activity metrics, quotas for marketing-qualified leads, and team results. (Doc. 49 at 2). Its own witnesses say those numbers live in its sales software. Defendant's Rule 30(b)(6) designee, Jamie Hickey, testified the metrics "are kept in a platform called Salesforce," and the team also used Salesloft and 6Sense. (Ex. 1, Hickey Depo. 111:9-10, 111:24-112:4). She testified Brendan O'Shaughnessy, the decision-maker, gave her "screenshots of the reporting from the tool itself" during the plan and showed her "documents

and reporting from Salesforce." (*Id.* at 111:11-13, 142:6-10). Mr. O'Shaughnessy acknowledged a sync problem with the Salesloft data that had to be investigated and fixed. (Ex. 2, O'Shaughnessy Depo. 181:10-15).

Defendant never produced that data, those reports, or those screenshots.

**Initial disclosures.** Defendant's Rule 26(a)(1) disclosures identified two categories of documents it might use: personnel documents, including Mr. Gaines's performance reviews and Performance Success Plan, and its personnel policies. (Ex. 3, Def.'s Initial Discl. at 2). They did not identify any Salesforce, Salesloft, or 6Sense data or reports. Defendant never supplemented them.

**Interrogatory No. 21.** Plaintiff asked Defendant to identify each Performance Success Plan goal Mr. Gaines failed to meet, the specific metric, his actual performance against it, and the documents showing non-attainment. Defendant answered with a list of general failings, gave no number for any metric, and incorporated unidentified documents under Rule 33(d). (Ex. 4, Def.'s Resp. to Pl.'s 2d Interrogs. No. 21).

**Request for Production No. 36.** Plaintiff asked for all documentation of Mr. Gaines's performance metrics during the plan period. Defendant objected and answered that Ms. Hickey "reviewed all of his concerns based on data where he did not meet the PSP goals." (Ex. 5, Def.'s Resp. to Pl.'s 2d Reqs. for Produc. No. 36). It did not produce the data.

**Request for Production No. 33.** Plaintiff asked for the calendar entries and invitations for each check-in meeting during the plan. Defendant objected, said it would produce responsive documents, and produced none. (*Id.* No. 33). Mr. O'Shaughnessy testified "[t]here would be calendar invites." (Ex. 2, O'Shaughnessy Depo. 183:1-5). Defendant's own Workday record of

the January 2024 plan documents one check-in, on January 25, 2024, and no other. (Ex. 2, O'Shaughnessy Depo. 154:10-16, 155:8-10).

**Request for Production No. 30.** Plaintiff asked for the personnel and performance records of Zarine Pardiwalla. Defendant refused outright. (Ex. 5, No. 30).

Plaintiff raised each gap in writing. (Ex. 6, Pl.'s June 21, 2026 Ltr). Defendant responded it "maintains its responses to Interrogatory Nos. 11, 12, and 21," stood on its objections to Request No. 33, and maintained its refusal on Request No. 30. (Ex. 7, Def.'s July 12, 2026 Ltr. at 4). Plaintiff renewed the requests on October 12, 2026. (Ex. 8, Pl.'s Oct. 12, 2026 Ltr. at 2-3). Defendant has not responded. Fact discovery closed on June 24, 2026. (Doc. 31). Trial begins November 10, 2026. (Doc. 16 at 1).

## II. LAW AND ARGUMENT

### A. Rule 37(c)(1) excludes information a party failed to disclose or produce.

A party must disclose the documents and electronically stored information it "may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii). It must supplement its disclosures and discovery responses in a timely manner when they are incomplete. Fed. R. Civ. P. 26(e)(1)(A). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Rule 37(c)(1) "requires absolute compliance with Rule 26(a)." *Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003). The burden is on the non-producing party to prove its failure was harmless or substantially justified. *Id.* No motion to compel is a precondition. The rule operates on the party's own failure to disclose.

To decide whether a failure was substantially justified or harmless, the Sixth Circuit considers five factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Howe v. City of Akron*, 801 F.3d 718, 747-48 (6th Cir. 2015) (citation omitted).

**B. Every factor favors exclusion.**

*Surprise.* Plaintiff has never seen the data Defendant says justified the termination. Any metric report, dashboard, or screenshot offered at trial would be seen by Plaintiff for the first time in front of the jury.

*Ability to cure.* Discovery closed nearly four months ago. Plaintiff cannot now test the data, depose the people who generated it, or explore the sync problem Mr. O'Shaughnessy acknowledged. (Ex. 2, O'Shaughnessy Depo. 181:10-15). With trial weeks away, there is no cure.

*Disruption.* Introducing new data at trial would require a mid-trial recess, further discovery, or a continuance. Each would disrupt the trial.

*Importance.* The data goes to the heart of Defendant's stated reason. That importance cuts against Defendant. The more central the evidence, the greater the prejudice from withholding it until trial.

*Explanation.* Defendant has offered none beyond boilerplate objections of overbreadth and proportionality. (Ex. 7 at 4). The data is Defendant's own. Its HR designee relied on it and received screenshots of it. (Ex. 1, Hickey Depo. 111:11-13). Defendant cannot rely on the data to justify the termination while refusing to produce it.

### B. Defendant may not prove the contents of the withheld reports through testimony.

Exclusion would mean little if Defendant's witnesses could simply describe what the withheld reports showed. "An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." Fed. R. Evid. 1002. Testimony reciting specific figures, percentages, rankings, or results drawn from Salesforce, Salesloft, or 6Sense reports would prove the content of those reports. Rule 37(c)(1) also bars use of the withheld "information," not just the documents. Plaintiff does not ask the Court to bar witnesses from describing their own observations. Plaintiff asks only that Defendant not prove the contents of documents it refused to produce.

## III. CONCLUSION

For these reasons, Plaintiff respectfully requests the Court grant this motion and order that Defendant may not offer at trial:

1. any Salesforce, Salesloft, 6Sense, or other performance data, report, dashboard, or screenshot not produced to Plaintiff by June 24, 2026;
2. any calendar entry, meeting invitation, or similar record of Performance Success Plan check-in meetings not produced to Plaintiff by June 24, 2026;
3. any personnel, performance, or compensation record of Zarine Pardiwalla; and
4. testimony reciting specific figures, percentages, rankings, or results drawn from any report or data described in paragraph 1.

Respectfully submitted,

**THE EMPLOYMENT & COMMERCE LAW GROUP**

*<u>/s/ G. BRANDON HALL</u>*__________________________
G. BRANDON HALL, BPR No. 034027
1625 Broadway, Suite 601
Nashville, Tennessee 37203
(615) 850-0632
bhall@eclaw.com

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was served electronically via the Court's CM/ECF filing system this 19th day of October, 2026 to the following:

Mekesha H. Montgomery, BPR No. 25831
FBT Gibbons LLP
150 3rd Avenue South, Suite 1900
Nashville, Tennessee 37201
mmontgomery@fbtgibbons.com

*<u>/s/ G. Brandon Hall</u>*________
G. Brandon Hall