**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION**

| | | |
|---|---|---|
| **EVAN GAINES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 3:25-CV-00725** |
| | ) | |
| **v.** | ) | **JURY DEMAND** |
| | ) | |
| **CONCENTRIX SREV DELAWARE, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

Defendant Concentrix SREV Delaware, Inc. ("Defendant") by and through counsel, and in accordance with the Federal Rules of Civil Procedure, responds to Plaintiff Evan Gaines' ("Plaintiff") Second Set of Interrogatories.

**GENERAL OBJECTIONS**

1. Defendant objects to the Plaintiff's Interrogatories to the extent they seek information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

2. Defendant objects to the Plaintiff's Interrogatories to the extent they seek documents or information protected from discovery by the attorney-client privilege and/or work product doctrine. In addition, Defendant objects to Plaintiff's Requests to the extent they seek documents or information protected under any of the privileges recognized under the law. To the extent that any privileged information is provided, it shall not constitute a waiver of the privilege as to any other information.

3. Defendant objects to Plaintiff's definitions of "Defendant," "document," "communications," person," "identify," "identification" and other terms to the extent they include attorneys within the definitions and are intended to require Defendant to reveal information and/or documents protected from discovery by the attorney-client privilege or work product doctrine.

4. Defendant objects to each interrogatory to the extent the request is overly broad or unduly burdensome.

5. Defendant objects to each interrogatory to the extent the request seeks information that is a trade secret or constitutes confidential, proprietary information.

6. Defendant objects to each interrogatory to the extent the request is vague, ambiguous, or not described with reasonable particularity.

7. Defendant objects to each interrogatory to the extent the request seeks information from an individual or entity not subject to the control of the Defendant.

8. Defendant objects to each interrogatory to the extent the request seeks information that cannot be obtained by requests, and/or that can be more properly and efficiently obtained by other means, such as by deposition.

9. Defendant will not deem the interrogatories to be continuing and will not automatically supplement their responses thereto except to the extent required by the Court or the Federal Rules of Civil Procedure.

10. Defendant reserves the right to object on any ground at any time to a demand for further responses to these interrogatories or to further interrogatories.

11. Defendant reserves the right to object on any ground at any time to a demand for further responses to these interrogatories or to further interrogatories.

12. Defendant reserves the right at any time to revise, correct, add to, or clarify any of their responses to these interrogatories.

13. The actual production of documents will occur at a reasonable time, place, and manner.

14. Defendant objects to all Plaintiff's Interrogatories and Plaintiff's "Definitions and Instructions" to the extent they seek responses or actions beyond what is required of Defendant under the Federal Rules of Civil Procedure. Defendant shall respond to the requests in accordance with those Rules.

## SECOND SET OF INTERROGATORIES

**INTERROGATORY NO. 12.** *Similarly Situated.* For the past three (3) years (from the date of service of this discovery), please identify all persons who requested time off under the Family Medical Leave Act (FMLA). Please not whether the request was granted. Please note, this is not a request for disclosure of the individual(s) private health information.

**ANSWER:** Objection. This Interrogatory is overly broad and unduly burdensome and not proportional to the current needs of the case. This interrogatory is irrelevant and seeks information that is unlikely to lead to the discovery of admissible evidence. This interrogatory is vague and ambiguous with respect to the terms "whether the request was granted" and "private health information" which requires Defendant to speculate as to their precise meanings and thus prevents Defendant from providing a more complete and/or accurate response. Subject to and without waiving said objections, Defendant states that it is not aware of any individuals who are similarly

situated to Evan Gaines who have requested time off under the Family Medical Leave Act (FMLA) in the past three (3) years.

**INTERROGATORY NO. 20**. Identify by name, title, and contact information by each person who was scheduled to attend weekly PSP check-in meetings with Plaintiff between January 8, 2024, and February 7, 2024. For each scheduled meeting, state: (a) the date and time of the scheduled meeting; (b) whether the meeting occurred as scheduled; (c) if the meeting did not occur, the reason it was cancelled, postponed, or not attended by any participant; (d) the name and title of each person who attended if the meeting did occur; and (e) whether any documentation of the meeting exists, and if so, identify each such document.

**RESPONSE:** Objection. This interrogatory is overly broad and unduly burdensome. This interrogatory is vague and ambiguous with respect to the terms "Identify by name, title, and contact information by each person" and "scheduled to attend weekly PSP check-in meetings" which requires Defendant to speculate as to their precise meanings and thus prevents Defendant from providing a more complete and/or accurate response. Subject to and without waiving said objections, Defendant states that Brendan O'Shaughnessy met with Plaintiff on a weekly basis to provide updates on his PSP progress and regular coaching. Defendant further incorporates by reference, pursuant to Rule 33(d), the documents produced in this matter that are responsive to this interrogatory.

**INTERROGATORY NO. 21**. Identify each goal set forth in the PSP that Defendant contends Plaintiff failed to meet. For each such goal, state: (a) the specific metric or standard Plaintiff was required to achieve; (b) Plaintiff's actual performance against that metric or standard; (c) the documentation on which Defendant relies to establish non-attainment; and (d) the name and title of each person who assessed Plaintiff's performance against that goal.

**RESPONSE:** Objection. This interrogatory is overly broad and unduly burdensome. This interrogatory is vague and ambiguous with respect to the terms "failed to meet," "the specific metric or standard Plaintiff was required to achieve," "Plaintiff's actual performance against that metric or standard," " the documentation on which Defendant relies to establish non-attainment," and "the name and title of each person who assessed Plaintiff's performance against that goal" which requires Defendant to speculate as to their precise meanings and thus prevents Defendant from providing a more complete and/or accurate responses. Subject to and without waiving said objections, Defendant states that Plaintiff failed to meet the performance expectations of the role as identified in his PSP, including but not limited to: failing to successfully drive team business development and marketing-qualified lead quotas; failing to maintain and enforce high qualification standards designed to increase conversion rates; failing to align with Sales leadership regarding the creation and development of working pipeline opportunities; failing to provide accurate and timely summary reports regarding the team's development activities and results; failing to effectively lead, organize, and assign event-generated leads; and failing to deliver successful business-to-business development results. Defendant further incorporates by reference, pursuant to Rule 33(d), the documents produced in this matter that are responsive to this interrogatory.

**INTERROGATORY NO. 22**. State the effective date of Plaintiff's termination from employment and identify all documents reflecting that date. If the date differs from February 6, 2024, as alleged in the Complaint, explain the discrepancy and identify the date on which Plaintiff last performed work for Defendant, the date on which Plaintiff was notified of his termination, and the date on which Defendant processed the termination in its HRIS system.

**RESPONSE:** Objection. This interrogatory is overly broad and unduly burdensome. This interrogatory is vague and ambiguous with respect to the terms "effective date," "all documents reflective that date," and "discrepancy" which requires Defendant to speculate as to their precise meanings and thus prevents Defendant from providing a more complete and/or accurate response. Subject too and without waiving said objections, Defendant states that Plaintiff was terminated by Defendant on February 13, 2024. Defendant further incorporates by reference, pursuant to Rule 33(d), the documents produced in this matter that are responsive to this interrogatory.

**INTERROGATORY NO. 23**. Identify by name, title, and contact information every person who participated in, recommended, approved, or was consulted regarding the decision to terminate Plaintiff's employment, and for each such person, describe his or her specific role or contribution to the termination decision.

**RESPONSE:** Objection. This interrogatory is overly broad and unduly burdensome. This interrogatory is vague and ambiguous with respect to the terms "identify by name, title, and contact information every person who participated in, recommended, approved, or was consulted" which requires Defendant to speculate as to their precise meanings and thus prevents Defendant from providing a more complete and/or accurate response. Subject to and without waiving said objections, Defendant states that the ultimate decision to terminate Plaintiff was made by his supervisor, Brendan O'Shaughnessy. Jamie Hickey was also consulted in connection with that decision and provided input prior to the final termination. Responding further, Defendant incorporates by reference, pursuant to Rule 33(d), the documents produced in this matter that are responsive to this interrogatory.

Respectfully submitted,

/s/ *Mekesha H. Montgomery*
Mekesha H. Montgomery, BPR No.25831
Malik Luckett, BPR No. 39951
FBT Gibbons LLP
150 3rd Avenue South, Suite 1900
Nashville, Tennessee 37201
(615) 251-5550 (phone)
(615) 251-5551 (fax)
mmontgomery@fbtgibbons.com
mluckett@fbtgibbons.com

*Attorneys for Defendant*

AND

G. Brandon Hall
1625 Broadway, Suite 601
Nashville, TN 37203
bhall@eclaw.com

*Attorney for Plaintiff*

## VERIFICATION OF ANSWERS TO INTERROGATORIES

I, Jamie Hickey, declare that I am the Associate Director, Global People Solutions of Concentrix SREV Delaware, Inc.; that I have read Defendant's Answers to Plaintiff's Second Set of Interrogatories set out above; and that I believe the same to be true and correct as of the date of signing based on information and business records of Concentrix SREV Delaware, Inc. I declare under penalty of perjury that the foregoing is true and correct.

Executed in County of Martin, State of Florida, on this 9th day of June, 2026.

**CONCENTRIX SREV DELAWARE, INC.**

Signed by:

By: *Jamie Hickey* ________________________

9FD167FD41384E3...

**Jamie Hickey**

Its: Associate Director, Global People Solutions

## CERTIFICATE OF SERVICE

Pursuant to LR 5.01, I hereby certify that on the 9th day of June 2026, I served all counsel of record, as designated below, with the foregoing via email:

G. Brandon Hall
1625 Broadway, Suite 601
Nashville, TN 37203
bhall@eclaw.com
zach@eclaw.com

*Attorney for Plaintiff*

*/s/ Mekesha H. Montgomery*
Mekesha H. Montgomery

1160264.0810427 4899-2685-4064v2