**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **EVAN GAINES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 3:25-CV-00725** |
| | ) | |
| **v.** | ) | **JURY DEMAND** |
| | ) | |
| **CONCENTRIX SREV DELAWARE, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

---

Defendant Concentrix SREV Delaware, Inc. ("Defendant") by and through counsel, and in accordance with the Federal Rules of Civil Procedure, responds to Plaintiff Evan Gaines' ("Plaintiff") Second Set of Requests for Production of Documents

## GENERAL OBJECTIONS

1. Defendant objects to the Plaintiff's Requests to the extent they seek information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

2. Defendant objects to the Plaintiff's Requests to the extent they seek documents or information protected from discovery by the attorney-client privilege and/or work product doctrine. In addition, Defendant objects to Plaintiff's Requests to the extent they seek documents or information protected under any of the privileges recognized under the law. To the extent that any privileged information is provided, it shall not constitute a waiver of the privilege as to any other information.

3. Defendant objects to Plaintiff's definitions of "Defendant," "document," "communications," person," "identify," "identification" and other terms to the extent they include attorneys within the definitions and are intended to require Defendant to reveal information and/or documents protected from discovery by the attorney-client privilege or work product doctrine.

4. Defendant objects to each request to the extent the request is overly broad or unduly burdensome.

5. Defendant objects to each request to the extent the request seeks information that is a trade secret or constitutes confidential, proprietary information.

6. Defendant objects to each request to the extent the request is vague, ambiguous, or not described with reasonable particularity.

7. Defendant objects to each request to the extent the request seeks information from an individual or entity not subject to the control of the Defendant.

8. Defendant objects to each request to the extent the request seeks information that cannot be obtained by requests, and/or that can be more properly and efficiently obtained by other means, such as by deposition.

9. Defendant will not deem the requests to be continuing and will not automatically supplement their responses thereto except to the extent required by the Court or the Federal Rules of Civil Procedure.

10. Defendant reserves the right to object on any ground at any time to a demand for further responses to these requests or to further requests.

11. Defendant reserves the right to object on any ground at any time to a demand for further responses to these requests or to further requests.

12. Defendant reserves the right at any time to revise, correct, add to, or clarify any of their responses to these requests.

13. The actual production of documents will occur at a reasonable time, place, and manner.

14. Defendant objects to all Plaintiff's Requests and Plaintiff's "Definitions and Instructions" to the extent they seek responses or actions beyond what is required of Defendant under the Federal Rules of Civil Procedure. Defendant shall respond to the requests in accordance with those Rules.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 27**. All documents constituting, reflecting, or relating to Plaintiff's 2023 annual performance review, including the review document itself, any prior drafts, manager notes, rating sheets, self-evaluations, and any communications about the review between O'Shaughnessy and any HR or People Solutions personnel. This request encompasses the document identified as an exhibit to Defendant's EEOC position statement dated May 20, 2024.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome. This request is vague and ambiguous with respect to the terms "consulting, reflecting, or relating to Plaintiff's 2023 annual performance review" and "any prior drafts, manager notes, rating sheets, self-evaluations, and any communications" which requires Defendant to speculate as to their precise meanings and thus prevents Defendant from providing a more complete and/or accurate

response. Subject to and without waiving said objections, Defendant will produce documents responsive to this request.

**<u>REQUEST NO. 28</u>**. The complete submission package filed by or on behalf of Defendant with the EEOC in connection with Charge No. 494-2024-02095, including the May 20, 2024 position statement and all exhibits, attachments, supplemental submissions, and any responses to EEOC requests for information.

**<u>RESPONSE:</u>** Objection. This request is overly broad and unduly burdensome. This request is vague and ambiguous with respect to the terms "complete submission package filed by" and "exhibits, attachments, supplemental submissions, and any responses to EEOC requests for information" which requires Defendant to speculate as to their precise meanings and thus prevents Defendant from providing a more complete and/or accurate response. Subject to and without waiving said objections, Defendant will produce documents responsive to this request.

**<u>REQUESTNO.29</u>**. All documents related to the employment, performance, performance reviews, Performance Success Plans, performance improvement plans, disciplinary history, and compensation of Ryan Pearlman during the period January 1, 2022, to present.

**<u>RESPONSE:</u>** Objection. This request is overly broad and unduly burdensome and seeks irrelevant information. This request is not reasonably calculated to lead to the discovery of admissible evidence relevant to the parties' claims or defenses. This request is vague and ambiguous with respect to the terms "performance, performance reviews, Performance Success Plans, performance improvement plans, disciplinary history, and compensation" which requires the Defendant to speculate as to their precise meanings and thus prevents Defendant from

providing a more complete and/or accurate response. Subject to and without waiving said objections, Defendant will produce documents responsive to this request.

**REQUESTNO.30**. All documents related to the employment, performance, performance reviews, Performance Success Plans, performance improvement plans, disciplinary history, and compensation of Zarine Pardiwalla during the period January 1, 2022, to present.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome and seeks irrelevant information. This request is not reasonably calculated to lead to the discovery of admissible evidence relevant to the parties' claims or defenses. This request is vague and ambiguous with respect to the terms "performance, performance reviews, Performance Success Plans, performance improvement plans, disciplinary history, and compensation" which requires the Defendant to speculate as to their precise meanings and thus prevents Defendant from providing a more complete and/or accurate response. Defendant further objects to this Request it seeks information regarding employees who are not similarly situated to Plaintiff, including employees who held different positions, reported to different supervisors, were subject to different performance expectations, or were involved in materially different circumstances, as such information is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 31**. All documents related to the recruitment, hiring, compensation, job description, job duties, start date, and reporting structure of the individual hired to fill the position previously held by Plaintiff following Plaintiff's termination, including any job posting, application, offer letter, and onboarding records.

**<u>RESPONSE:</u>** Objection. This request is overly broad and unduly burdensome and seeks irrelevant information. This request is vague and ambiguous with respect to the terms "documents related to the recruitment, hiring, compensation, job description, job duties, start date, and reporting structure" and "reporting structure" which requires the Defendant to speculate as to their precise meanings and thus prevents Defendant from providing a more complete and/or accurate response. Subject to and without waiving said objections, Defendant will produce documents responsive to this request.

**<u>REQUEST NO. 32</u>**. All ESI—including emails, text messages, Teams/Slack/instant messages, voicemails, and calendar entries—sent by, received by, or copied to Brendan O'Shaughnessy that refer to or relate to: (a) Plaintiff's FMLA leave; (b) by the timing or "convenience" of Plaintiff's medical leave; (c) Plaintiff's disability or medical condition; (d) Plaintiff's PSP; (e) Plaintiff's termination; or (f) any other aspect of Plaintiff's employment, from August 1, 2023, through February 28, 2024.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome and not proportional to the needs of the case, and the burden and expense of the proposed discovery outweighs its likely benefit. This request is not reasonably calculated to lead to the discovery of admissible evidence relevant to the parties claims' or defenses. This request is vague and ambiguous with respect to the terms "emails, text messages, Teams/Slack/instant messages, voicemails, and calendar entries" and "sent by, received by, or copied to" which requires Defendant to speculate as to their precise meanings and thus prevents Defendant from providing a complete and/or accurate response. Subject to and without waiving said objections, Defendant will produce documents responsive to this request.

**REQUEST NO. 33**. All calendar entries, meeting invitations, acceptances, cancellations, and related communications for each PSP check-in meeting scheduled between Brendan O'Shaughnessy and Plaintiff during the period January 8, 2024, through February 13, 2024, including any records reflecting whether such meetings occurred and, if not, the reason for cancellation or non-attendance.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome and not proportional to the needs of the case, and the burden and expense of the proposed discovery outweighs its likely benefit. This request is not reasonably calculated to lead to the discovery of admissible evidence relevant to the parties claims' or defenses. This request is vague and ambiguous with respect to the terms "calendar entries, meeting invitations, acceptances, cancellations, and related communications" which requires Defendant to speculate as to their precise meanings and thus prevents Defendant from providing a more complete and/or accurate response. Subject to and without waiving said objections, Defendant will produce documents responsive to this request.

**REQUEST NO. 34**. All documents and communications—including emails, texts, meeting notes, HR system entries, and calendar records—between any manager, supervisor, or director and any People Solutions or Human Resources personnel, concerning Plaintiff, for the period August 1, 2023, through November 3, 2023 (the date the PSP was issued).

**RESPONSE:** Objection. This request is overly broad and unduly burdensome and not proportional to the needs of the case, and the burden and expense of the proposed discovery outweighs its likely benefit. This request is vague and ambiguous with respect to the terms "emails, texts, meeting notes, HR system entries, and calendar records" which requires Defendant

to speculate as to their precise meanings and thus prevents Defendant from providing a more

complete and/or accurate response. Subject to and without waiving said objections, Defendant will produce documents responsive to this request.

**REQUEST NO. 35**. All documents consulting or reflecting Plaintiff's formal termination notice, separation letter, written notification of termination, Workday HRIS termination entry, COBRA notice, and any separation agreement or release, including all documents identifying the effective date of Plaintiff's termination.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome. This request is vague and ambiguous with respect to the terms "documents consulting or reflecting Plaintiff's formal termination notice" which requires Defendant to speculate as to their precise meanings and thus prevents Defendant from providing a more complete and/or accurate response. Subject to and without waiving said objections, Defendant will produce documents responsive to this request.

**REQUEST NO. 36**. All documents and communications identifying, describing, qualifying, or evaluating Plaintiff's performance against each specific goal set forth in the PSP, including: (a) any documentation of Plaintiff's performance metrics during the PSP period; (b) any communications between O'Shaughnessy and any HR or People Solutions personnel regarding Plaintiff's goal attainment or failure; and (c) the final written evaluation or assessment completed at the conclusion of the PSP.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome. This request is vague and ambiguous with respect to the terms "communications identifying, describing, qualifying, or evaluating Plaintiff's performance" which requires Defendant to speculate as to their precise meanings and thus prevents Defendant from providing a more complete and/or accurate

response. Subject to and without waiving said objections, Defendant states that Brendan did not have communication with Plaintiff following his termination for performance. Evan spoke with Jamie Hickey on the phone and reviewed all of his concerns based on data where he did not meet the PSP goals.

Respectfully submitted,

/s/ *Mekesha H. Montgomery*
Mekesha H. Montgomery, BPR No.25831
Malik Luckett, BPR No. 39951
FBT Gibbons LLP
150 3rd Avenue South, Suite 1900
Nashville, Tennessee 37201
(615) 251-5550 (phone)
(615) 251-5551 (fax)
mmontgomery@fbtgibbons.com
mluckett@fbtgibbons.com

*Attorneys for Defendant*

AND

G. Brandon Hall
1625 Broadway, Suite 601
Nashville, TN 37203
bhall@eclaw.com

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

Pursuant to LR 5.01, I hereby certify that on the 9th day of June 2026, I served all counsel of record, as designated below, with the foregoing via email:

G. Brandon Hall
1625 Broadway, Suite 601
Nashville, TN 37203
bhall@eclaw.com
zach@eclaw.com

*Attorney for Plaintiff*

*/s/ Mekesha H. Montgomery*
Mekesha H. Montgomery

1160264.0810427 4925-2588-0752v2