**Malik Luckett**
Senior Associate
615.743.6721 (t)
615.251.5551 (f)
mluckett@fbtgibbons.com

July 12, 2026

**VIA ELECTRONIC MAIL**

G. Brandon Hall
1625 Broadway
Suite 601
Nashville, TN 37203

**RE: *Evan Gaines v. Concentrix SREV Delaware, Inc.* – Defendant's Response to Plaintiff's Renewed Discovery Deficiency Letter**

Dear Mr. Hall:

We write in response to your June 21, 2026 renewed discovery deficiency letter alleging additional deficiencies in Defendant Concentrix SREV Delaware, Inc.'s ("Concentrix" or "Defendant") supplemental discovery responses and document production. Concentrix respectfully disagrees with many of the characterizations contained in your letter and maintains that it has complied with its discovery obligations under the Federal Rules of Civil Procedure. Nevertheless, in the spirit of cooperation, Concentrix responds to each of the issues raised as follows.

## A. Alleged Issues Regarding Native File Production

### 1. Native File Production

Concentrix disagrees with Plaintiff's characterization of the HTML files as anything other than the format generated during the export of the electronically stored information produced by Concentrix. The fact that the files are rendered as HTML or "generated web pages" reflects the format in which the information was exported and does not indicate that the documents are incomplete, omitted, altered, or otherwise unreliable.

Furthermore, converting the produced HTML files to PDF format would materially alter the appearance and formatting of the communications, resulting in a less accurate and less readable production. Defendant therefore produced the documents in the format reasonably available through the export process utilized by its client. Defendant has no obligation to recreate electronically stored information in a different format where doing so would diminish the readability or alter the appearance of the underlying communications.

**2. Allegedly Missing Responsive Messages**

Plaintiff asserts that certain filenames reference communications that were not produced. Concentrix has no present basis to conclude that responsive communications were omitted from its production. At this time, Defendant disagrees with Plaintiff's conclusion that the filenames alone demonstrate that responsive documents were withheld or that any discovery deficiency exists.

Nevertheless, Concentrix will review Plaintiff's concerns with client to determine whether the export process generated the files differently than anticipated and whether any supplemental production is appropriate.

**3. Alleged Collection and Export Failure**

Concentrix disagrees with Plaintiff's characterization that a collection or export failure occurred. At this time, Defendant has no information suggesting that responsive electronically stored information was improperly collected or omitted. Defendant will confer with its client regarding Plaintiff's concerns and determine whether additional information regarding the export process can be provided.

To the extent Plaintiff provides additional identifiers or information that may assist Defendant with evaluating these concerns, Defendant will review that information in good faith,

**4. Request for Re-Collection**

Plaintiff represents that it has identified Microsoft Teams message identifiers corresponding to communications he believes should have been produced. If Plaintiff provides those identifiers, Defendant will review them and, to the extent corresponding responsive records are located and available, Defendant will produce any additional responsive documents consistent with its discovery obligations.

**5. Edited Messages, Attachments, and Metadata**

Concentrix is unaware of any responsive communications that were intentionally edited, altered, or omitted from its production. Concentrix believes the "edited" designation identified by Plaintiff may simply reflect the manner in which the data was extracted and rendered during the export process rather than any substantive alteration of the communications themselves.

With respect to the allegedly missing attachments, Plaintiff has not identified the specific email(s) or Teams message(s) in which those attachments were referenced. If Plaintiff identifies the specific communications at issue, Concentrix will make reasonable efforts to determine whether responsive

attachments exist or are in its possession and will supplement its production as appropriate.

### 6. Alleged Undisclosed Custodians and Witnesses

Concentrix maintains that the additional individuals identified in Plaintiff's correspondence were not involved in the employment decisions at issue and do not possess information relevant to Plaintiff's claims or Defendant's defenses. The mere fact that an individual's name appears within an electronic communication does not establish that the individual possesses discoverable information relevant to Plaintiff's claims or Defendant's defenses, nor does it require Defendant to identify that individual as a witness or expand the scope of custodial discovery.

Defendant stands by its prior responses and objections and does not believe supplementation of its witness disclosures or expansion of the custodial search is warranted based upon Plaintiff's speculation.

## B. Remaining Alleged Deficiencies

### 1. Litigation Hold

Concentrix maintains its previously asserted objections to Plaintiff's requests concerning its litigation hold, including that the requests are overly broad, unduly burdensome, disproportionate to the needs of the case, and seek information protected by the attorney-client privilege and work-product doctrine.

Subject to and without waiving those objections, Defendant reiterates that, upon becoming aware of Plaintiff's claims, it implemented appropriate measures to preserve the documents and electronically stored information reasonably believed to be relevant to the issues presented in this litigation.

### 2. Email Production

Concentrix maintains its objections that Requests for Production Nos. 9, 14 and 15 are overly broad and unduly burdensome and not proportional to the needs of the case, and the burden and expense of the proposed discovery outweighs its likely benefit.

Plaintiff's assertion that Defendant merely reproduced documents assembled for the EEOC proceeding is incorrect. The emails were produced in the format generated during Defendant's collection and export of electronically stored information. Defendant disagrees that the format of production demonstrates that no litigation-specific collection occurred. Moreover, Defendant cannot simply convert the exported HTML documents into PDF format without materially affecting their formatting and readability.

Plaintiff's conclusions regarding the source of the emails, the scope of Defendant's collection efforts, and the manner in which Defendant preserved electronically stored information are speculative and unsupported by the format of the production itself.

**3. Requests for Production Nos. 9, 14, 15, 32, and 34**

Concentrix maintains its previously asserted objections that these requests are overly broad, unduly burdensome, and not proportional to the needs of the case. Defendant further maintains its objections that the requests seek information beyond the scope permitted by Rule 26 and are vague and ambiguous with respect to numerous identified terms listed in each request for production.

Subject to and without waiving those objections, Defendant has produced responsive documents consistent with an appropriately tailored scope of discovery and does not intend to conduct the expansive searches requested by Plaintiff. Defendant has already undertaken a substantial electronically stored information collection and production in response to Plaintiff's request. Plaintiff's renewed request effectively seeks an unlimited re-recollection and re-review of electronically stored information.

**4. Performance Success Plan Check-In Records**

Defendant has produced the responsive Performance Success Plan documentation within its possession.

Defendant further maintains its objections to Request for Production No. 33 and Interrogatory No. 20. Subject to those objections, Defendant reiterates that Brendan O'Shaughnessy met with Plaintiff on a weekly basis to discuss Plaintiff's Performance Success Plan and provide coaching regarding his progress. Defendant further incorporates by reference, pursuant to Rule 33(d), the documents previously produced in this matter that are responsive to these requests.

**5. Comparator Records and Performance Metrics**

Defendant maintains its previously asserted objections to Request for Production No. 30, including that the request is overly broad, unduly burdensome, seeks irrelevant information, and requests personnel information concerning employees who are not similarly situated to Plaintiff.

Defendant has already produced responsive information regarding those employees Defendant believes are similarly situated to Plaintiff. Plaintiff's request for additional personnel files and employment records extends beyond any proper comparator analysis and seeks confidential personnel information concerning employees who did not occupy the same position, were subject to difference performance expectations, or were involved in materially different circumstances.

Subject to and without waiving those objections, Defendant has produced responsive information regarding those employees Defendant believes are similarly situated to Plaintiff. Defendant does not believe additional personnel, disciplinary, performance, or compensation records relating to employees who are not similarly situated are discoverable or proportional to the needs of this case.

Similarly, Defendant maintains its responses to Interrogatory Nos. 11, 12, and 21 and believes those responses fully comply with its obligations under the Federal Rules of Civil Procedure.

Concentrix believes its discovery responses and productions satisfy its obligations under the Federal Rules. Nevertheless, Defendant remains willing to continue meeting and conferring in good faith regarding any specific issues that may be resolved without court intervention.

Very truly yours,

FBT Gibbons LLP

Malik Luckett

MJL: jc

1160264.0810427 4926-3800-4156v1